## Civil Service Commission v. H. L. Kenyon.

1. CIVIL SERVICE COMMISSION—*Authority, etc.*—The civil service commission of the city of Chicago is not authorized to direct that a person named shall be employed in any particular place designated by the commission. Neither has such commission any power or authority to say whether an employe is needed to perform any designated service.

2. SAME—*Statutory Provisions.*—The statute provides that the head of the department or office in which a classified position is to be filled shall notify such commission of the fact, and the commission shall certify to the appointing officer the name and address of the candidate standing highest upon the register of the class or grade to which said position belongs, and no such employe shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense.

3. MANDAMUS—*To Compel the Commission to Act.*—An order directing that a mandamus issue to compel the civil service commission to place a discharged person in a position, as a mechanical engineer of the Chicago avenue water works, is erroneous.

4. SAME—*As Against Public Officers.*—A court should not assume to direct public officials to perform acts which they are not authorized to perform.

**Mandamus.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed. Opinion filed January 16, 1900.

CHARLES M. WALKER, corporation counsel, and GRANVILLE W. BROWNING, first assistant, attorneys for appellant.

ERNEST SAUNDERS, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

Appellee was in the employ of the city of Chicago as an assistant engineer at the Chicago avenue pumping station. He was discharged for alleged misconduct in habitually sleeping while on duty. He commenced this proceeding by filing a petition for a mandamus against the "Civil Service Commission of the City of Chicago." The prayer of said

petition is that said commission be commanded "forthwith to place petitioner in the position of the fifth grade mechanical engineer of the Chicago avenue water works    *    *    * and to certify petitioner to such position."

Appellee had been examined by said commission and had received a certificate as fifth grade mechanical engineer. Upon a hearing of the case the trial court entered an order directing that a writ of mandamus issue commanding said commissioner " to certify the said petitioner to the position of assistant engineer at the Chicago avenue pumping station " forthwith.   It is from that order that this appeal is prosecuted.

The civil service commission of this city is not authorized to direct that a person named shall be employed in any particular place designated by the commission.   Neither has such commission any power or authority to say whether an employe is needed to perform any designated service. The statute provides that " the head of the department or office in which a position classified under this act is to be filled shall notify said commission of that fact, and said commission shall certify to the appointing officer the name and address of the candidate standing highest upon the register for the class or grade to which said position belongs."   Also, that no such employe "shall be removed or discharged except for cause upon written charges and after an opportunity to be heard in his own defense."   Such charges are to be investigated by or under the direction of said commission.

This provision of the statute that an employe shall not be removed or discharged except for cause, etc., applies to the head of the department or office where he is employed.   The commission has performed its full duty to such employe when it has examined him and given the proper certificate as to his qualifications.   After that it has no control over him, and no duty unless or until written charges shall be preferred.   The commission has no power to put him in any particular place of employment or to reinstate him if discharged.   Whatever remedy appellee

may have by reason of his discharge, he has none against said commission. His certificate has not been revoked. No written charges have been preferred against him. The commission has no authority to reinstate him. It has not now and never had any authority " to certify the petitioner to the position of assistant engineer at the Chicago avenue pumping works," as it is commanded to do by said order.

It follows that the order directing that a mandamus issue was erroneous. A court should not assume to direct public officials to perform acts which they are not and never were authorized to perform.

Said order of the Superior Court directing that a mandamus issue is reversed. But as no proceeding can be sustained against said commission in the matter therein presented, the cause is not remanded. Reversed.