The City of Chicago, et al., v. People, ex rel. Cobden G. Gray.

Gen. No. 11.040.

1. TRIAL BOARD—*when finding of, under Civil Service Act, is void.* The finding of such a trial board is void, where such board is not constituted according to the law and the rules which created it, or where it is based upon fraud.

2. MANDAMUS—*when, lies to determine title to office.* Mandamus lies to determine whether a police patrolman is entitled to the office claimed by him under the Civil Service Act.

3. MANDAMUS—*when payment of salary can be enforced by.* Where, pursuant to a petition for mandamus, it has been determined that the petitioner is entitled to the office claimed by him under the Civil Service Act, he may, in the same proceeding, enforce the payment of his salary as the holder of such office.

4. DEMURRER—*when, will not be carried back.* A demurrer to a plea will not be carried back to the petition, where such petition has been demurred to, such demurrer overruled and an answer filed.

5. APPROPRIATION—*presumption as to possession of money derived by reason of an.* Where a petition for mandamus to compel, among other things, the payment of money, alleges the making of an appropriation for the purpose of paying the petitioner, among others, it will be presumed, the contrary not appearing, (the making of such appropriation having been established) that the municipality making such appropriation has the money to pay petitioner in its possession.

6. WRIT OF MANDAMUS—*to whom should run.* A judgment in a mandamus proceeding is proper where it directs that the writ issue commanding the municipality and its comptroller to pay the money in question in the proceeding.

City of Chicago v. The People.

7. ASSIGNMENT OF ERRORS—*by whom made.* An error can be assigned only by the party against whom it is committed.

Petition for mandamus to enforce Civil Service Act. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed January 14, 1904.

CHARLES M. WALKER, Corporation Counsel, and EDWIN WHITE MOORE, Assistant Corporation Counsel, for appellants.

A. D. GASH and JAMES H. HOOPER, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The relator, Cobden G. Gray, a police patrolman, filed a petition for mandamus against appellants to compel the city of Chicago and the superintendent of police, O'Neill, to place petitioner's name upon the roster of police patrolmen, from which it had been omitted and excluded by one Joseph Kipley, a former superintendent of police of said city, and to place his name upon the police pay-roll, from which it had been omitted and excluded by said superintendent of police; also, to compel the Civil Service Commissioners of said city, naming them, to certify petitioner's name to the comptroller of said city as a person entitled to pay as a police patrolman of said city, and to compel the city and comptroller thereof, Lawrence E. McGann, to pay to petitioner his salary of $83.33 per month, less one per cent for the Police Pension Fund, from January 31, 1900, to April 30, 1902, making the sum of $2,227.50, and to pay petitioner his said salary henceforth as the same accrues, less said one per cent to be paid to the Police Pension Fund. It is alleged in said petition that said superintendent of police arbitrarily and wrongfully and without legal cause or excuse, caused petitioner's name to be omitted and excluded from the pay-roll of the police department of said city, and that said Civil Service Commission wrongfully refused to certify his name and salary on the police pay-roll to the comptroller, and that the comptroller had wrongfully refused to pay his said salary, although the city council had

made appropriations therefor in the years 1900, 1901 and 1902; and sets up facts from which it appears that the said several acts of appellants were wrongful and without legal cause, the details of which need not be stated.

Appellants answered in substance that written charges had been filed by said Kipley, superintendent of police, with the Civil Service Commission against petitioner, wherein he was charged with immoral conduct, or conduct unbecoming a police officer; that said charges were investigated by a trial board, naming the members thereof, appointed by the Civil Service Commission, which, after a hearing, found petitioner guilty, and that decision was approved by the Civil Service Commission, pursuant to which petitioner was discharged from his position as police patrolman of said city on January 31, 1900, and had not since that date served as police patrolman nor performed any duties of such office or position; and that pursuant to said proceedings his name was dropped from the pay-roll of said city; also denied that any appropriation was made by the city council in or about February, 1900, or in or about February, 1901, for petitioner as police patrolman of said city, and that any appropriation was made for the payment of petitioner as police patrolman of said city, or for any purpose whatsoever, since January 31, 1900. The answer also avers in substance that there was not, at the time of the filing of the petition, or at any time since that date, any money whatsoever in the possession or under the control of any of the appellants belonging to said city or appropriated by the city council which could or might be used for the purpose of paying petitioner his said demands.

The petitioner pleaded to the answer in substance that the said charges were not investigated by a trial board appointed by said Civil Service Commission, as alleged in the answer, and that said board did not consist of the parties alleged, and that it was not composed of the officers and persons who, under the rules and regulations of said commission, should have constituted said board, and that its finding was therefore null and void.

Petitioner further pleaded to said answer that the finding and decision of said board were had and procured by the defendants by fraud and circumvention, the details of which are fully and particularly set out in the plea, and show that said finding and decision were the result of the fraud of said Kipley; also that said board, under the rules and regulations of the Civil Service Commission, which are stated in detail, should have a representative from that commission who should, with the other members, or a quorum thereof, which is also specifically stated, act as a board in the trial of charges such as were made against petitioner, and that said Civil Service Commission had no such representative on said board which tried petitioner. And the plea alleges that because said trial board was not so properly constituted as aforesaid, under the rules and regulations of said Civil Service Commission, that the said finding and decision were void, and were also void because of the said fraud of said Kipley. Appellants demurred generally to both said pleas, but the court overruled the demurrer and they elected to stand by it, whereupon judgment was entered by the court that the writ of mandamus issue substantially as prayed in the petition, from which judgment this appeal is taken.

For appellants it is contended that the plea makes a different case from the one alleged in the petition, that this constitutes a departure in pleading, and therefore that the demurrer to the pleas should have been sustained. After careful consideration of the pleadings and authorities cited, we think the contention is not tenable. There is no departure in the pleadings, but a mere confession and avoidance. The effect of the plea, while it admits charges were made against petitioner, and that they were investigated by an alleged trial board, and a finding and decision made against him, is that such finding and decision were void, because the said board was not constituted as required by the rules and regulations of the Civil Service Commission, and were likewise void because of the fraud of Superintendent of Police Kipley, the details of which are fully set out in

the plea. The demurrer to these pleas admits, not only the invalidity of the trial board, but the fraud which caused its finding and decision. It needs no citation of authorities to establish the proposition that a trial board such as was provided for the investigation of the charges against petitioner should have been constituted according to the law and rules which created it. Moreover, it is equally clear, and needs no citation of authority to support it, that the finding and decision of the trial board, when based upon a fraud, is absolutely void, and could form no basis to exclude petitioner's name from the roster of police patrolmen of the city, nor to exclude his name from the police pay-roll of said city.

Secondly, it is contended for appellants that the title of petitioner to his office of police patrolman cannot be adjudicated in a suit for mandamus to compel the payment of his salary. This position is not, in our opinion, tenable, and is fully answered by the cases of City of Chicago v. Luthardt, 191 Ill. 516–23; and Kipley v. Luthardt, 178 Ill. 526. In the latter case the title to an office, namely, that of secretary of the chief of detectives, a subordinate position in the department of police of the city of Chicago, was tried and a judgment of the Circuit Court restoring appellee to said position was affirmed by the Supreme Court. Later he sued in assumpsit to recover his salary, and a judgment in his favor was affirmed in the former case cited, in which the Supreme Court say, quoting from the Supreme Court of Maine :

" The legal right to the office carries with it the right to the salary or emoluments of the office. The salary follows the legal title." ·

Here relator seeks to have his right to the office declared, as in the Kipley case. This right is admitted by the pleadings. He also asks, by the same petition, that the city be compelled to pay his salary, and it follows, his right to the office being admitted, he is entitled to a mandamus to compel the payment of his salary.

It is also contended that the demurrer to the plea should

relate back to the petition, which it is said is bad and fails to state a cause of action. This claim is not tenable for the reason that a demurrer to the petition having been over-ruled, appellants answered it instead of standing by the demurrer, thus waiving their demurrer. Doyle v. City of Sycamore, 193 Ill. 501; Bennett v. U. C. Life Insurance Co., 203 Ill. 439–44.

The petition states in substance that an appropriation was made by the city council to pay petitioner's salary. That appropriation must have been of money on hand, and it will be presumed that the city still has this money, as there is no allegation that it has been paid to any other officer than petitioner. There is nothing in the pleadings to show that any other officer was appointed in petitioner's stead.

The last claim of appellants is that since the writ of mandamus runs to the city comptroller, McGann, this was fatal error. The judgment is that the writ issue command-ing the city of Chicago and Lawrence E. McGann to pay the salary in question, and is, in our opinion, proper under the statute as well as decisions of the Supreme Court. Hurd's Rev. Stats., Ch. 24, Sec. 104; Village of Glencoe v. People, 78 Ill. 382–6; City of Chicago v. Sansum, 87 Ill. 182.

In any event, McGann does not separately complain, and has not assigned separate error in this regard. The city cannot complain for him.

The judgment of the Superior Court being, in our opin-ion, the proper one under the admissions of the pleadings, it is affirmed.                                      *Affirmed.*