## Herman L. Kenyon v. City of Chicago.

### Gen. No. 13,096.

1. CIVIL SERVICE ACT—*who not entitled to trial.* A probationary appointee under the Civil Service Act is not entitled before discharge to a trial on charges written or otherwise.

2. CIVIL SERVICE ACT—*when informal discharge sustained.* Informality in the discharge of a probationary appointee will be sustained where the dereliction of duty was serious.

3. CIVIL SERVICE ACT—*when discharge cannot be questioned.* An appointee under the Civil Service Act cannot collaterally attack a discharge. The right to the office must be settled in a direct proceeding such as *mandamus* or *certiorari.*

4. CIVIL SERVICE ACT—*when laches bars right to question validity of discharge.* A delay of nearly two years in disputing the validity of a discharge constitutes *laches.*

5. EMPLOYER AND EMPLOYE—*what essential to recover from municipality for alleged wrongful discharge.* Unless there is some very cogent reason why he who works not should be paid for the work done by another, a municipality will not be compelled to pay twice for one service.

ADAMS, J., concurring.

Assumpsit. Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed March 5, 1907. Rehearing denied May 23, 1907.

ERNEST SAUNDERS, for plaintiff in error.

MICHAEL F. SULLIVAN, for defendant in error; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of assumpsit brought in an effort to recover from defendant the salary claimed to be due plaintiff as a mechanical engineer from May 4, 1898, to April 10, 1900. The declaration consists of the common counts and a special count, the special count charging that plaintiff was certified for such employment under the "Civil Service Act," and that defendant "wholly omitted to continue plaintiff in its service and employ until plaintiff was removed or discharged from his said office or employment for cause upon written charges and after opportunity to be heard in his own defense, according to the statute in such case made and provided, and refused to permit plaintiff to continue in its said service and employment and discharged plaintiff from said office without cause," by means whereof he lost his wages, etc.

The proof shows that plaintiff was examined and certified under the Civil Service Act in force in Chicago July 1, 1895, for the position of mechanical

engineer in 1895, and on November 13, 1897, was appointed an assistant engineer in the department of public works, and on May 4, 1898, was discharged from the service for sleeping while on duty.

Under section 10, chap. 24, of an Act "to regulate the Civil Service of Cities," R. S. Hurd's Ed. 1905, the head of the department by and with the consent of the civil service commission may discharge probational employes upon assigning in writing his reason to the civil service commission.

The evidence proves that plaintiff's appointment to his position was not complete, but probationary, and the foregoing provision of the act applied to him, in his then probationary condition. He was discharged by the head of the department, John Erickson, for sleeping while on duty and in charge of intricate and valuable mechanical engineering appliances belonging to the city, and the overwhelming proof conclusively demonstrates the truth of the reason. As a probationer he was not entitled to a trial on charges. The dismissal by the head of the department was informal, but on the other hand his dereliction of duty was serious. He was a menace instead of a help to the service. His condition of somnolence on duty imperilled the integrity of valuable machinery owned by the city. His further retention was detrimental to the service. The delinquency was not only proven, but confessed by plaintiff.

It is too plain for argument that plaintiff could not maintain his action under the common counts. The proof so far varies from the averments of the special count as to inhibit a recovery under it. Plaintiff in effect avers that he was not a probationer, and the proof demonstrates that he was. He contends that he was removed from his employment without a trial upon written charges and an opportunity to defend himself against such charges. He was not entitled to a trial on written charges or without. He does not complain by any averment of his declaration that as

a "probationer" he was wrongfully removed from his position. He has not made that question an issue in this case. If any recovery could possibly be had, it must be in virtue of the material averments of the declaration supported by proof. To do so plaintiff has utterly failed. There is a wide variance between the averments in the pleadings and the proof, and upon well-settled elementary legal principles such variance is fatal to a recovery.

Plaintiff cannot attack the action of the head of the department resulting in his discharge collaterally in a suit to recover his salary. He must first establish by an appropriate proceeding that he was wrongfully discharged, and by such proceeding cause himself to be reinstated in the position from which he was deposed.

As said in Hadley v. City of Albany, 33 N. Y. 606: "In an action to recover the salary of a public office, the title to the office necessarily comes in question, and that question cannot be tried in such action."

The right to the office claimed must be settled in a direct proceeding, such as *mandamus*, commanding the proper official to let into the office claimed the petitioner, or by *certiorari* vacating on review the action of those by whose order the party suing out the writ was removed, thereby reinstating him in his office. The person seeking to recover the salary attached to an office must first prove that he is such officer *de jure*.

Plaintiff discloses by his brief that an unsuccessful attempt was made by him to be reinstated by a *mandamus* proceeding. Civil Service Commission v. Kenyon, 86 Ill. App. 547.

City of Chicago v. The People, 111 Ill. App. 594, is directly in point. The proceeding was *mandamus* to compel the petitioner's name to be placed upon the roster of police patrolmen upon the police pay roll, to compel the civil service commission to certify his name to the city comptroller as entitled to pay as a police

patrolman, and to compel the city comptroller to pay him as such patrolman the sum of $2,227.50 due him. The court say, quoting from Kipley v. Luthardt, 178 Ill. 522: " 'The legal right to the office carries with it the right to the salary or emoluments of the office. The salary follows the legal title.' Here relator seeks to have his right to the office declared as in the Kipley case. This right is admitted by the pleadings. He also asks, by the same petition, that the city be compelled to pay his salary, and it follows, his right to the office being admitted, he is entitled to a *mandamus* to compel the payment of his salary."

City of Chicago v. Luthardt, 191 Ill. 516, was an action of assumpsit for salary accruing during the time Luthardt was wrongfully kept out of his office, as determined in a prior *mandamus* proceeding. The court said, on page 522: "Appellee, then, being a municipal officer and prevented from the performance of the duties of his office by the acts of the chief of police and the common council of the city, and it not appearing from this record that the appropriation for the salary of his office had been paid to any one performing the duties of the office, appellee is entitled to recover." *Non constat* if the contrary had been the fact, and the salary had been paid to one who had performed the duties of the office, the right of Luthardt to recover the salary might have been doubtful.

During the time for which plaintiff claims salary he was not in the employ of defendant, and did not work and performed no service entitling him to compensation. On the reasonable theory that he who demands pay for his service must perform the service for which he demands payment, there can be no such thing as constructive service. The work of a department of a municipality must be done by the actual labor of the servant. Machinery will neither get into motion, continue in motion nor cease its motion without the active interposition of the mechanic. Some one did the work, formerly the duty of plaintiff, during the time he seeks

pay without work, and that some one was necessarily requited financially for his toil.  Unless there is some very cogent reason, not disclosed by the record, why he who works not should be paid for the work done by another, and the municipality compelled to pay twice for one service, plaintiff cannot maintain his claim.  As said in McManus v. City of Brooklyn, 5 N. Y. Supp. 424, "The plaintiff was put out of his office and has never been reinstated, and cannot maintain, in our opinion, an action for his salary while he is out of office."  We think this states a correct principle of law, applicable to this case on that point, and must be regarded as controlling.  Aside from this, what are the facts?  Plaintiff was guilty, as we have seen, of the dereliction of duty charged against him. Sleeping on duty with valuable and intricate machinery in his care needing watchful attention for its safe operation, an accident resulting from lack of attention while plaintiff slept might wreck a valuable engine, paralyzing a necessary activity of the municipality, causing great financial loss.

Commissioner of Public Works McGann in his communication to the civil service commission, says that plaintiff's physician certified that he was the victim of a disease that induces sleep while at the post of duty, and this fact is not controverted.  McGann further states that if it can be shown that Kenyon has recovered from physical ailment complained of, he would gladly reinstate him.  We must assume from plaintiff's testimony that his physical disability ceased when he was reinstated in his former employment, June 6, 1900.  Surely he had been so fairly treated that he has no just cause of complaint.  His present demand for pay without service does not commend itself to our sense of justice.

Plaintiff is clearly guilty of *laches* in waiting nearly two years before disputing the validity of his discharge or making any effort by suit to test his rights in the matter.

City of Chicago v. Condell, 224 Ill. 595, was a writ of *certiorari* to review and annul the action of the civil service commission in removing Condell from the police force.   While the court held that a writ of *certiorari* was not a writ of right, it also held that a delay of a year and a half in applying for the writ after the date of the discharge claimed to be illegal, was in itself a sufficient reason for a denial of the writ.   This holding of the Supreme Court is conclusive against plaintiff's right to demand pay from the city during the time he was not serving it, for in what has already been said it is seen that a resort to *mandamus* or *certiorari* must first be had to vest plaintiff with the title to the office *de jure* as a condition precedent to his maintaining any action for salary, and in point of time he is too late to invoke either of these remedies.

There was no prejudicial action of the trial court in the giving or refusal of instructions.   The instructions given at the instance of plaintiff stated the legal propositions more broadly in his favor than we think he was entitled.   He can have no just cause of complaint, for in no event is plaintiff entitled to recover on the facts developed by his proof.   We see no reason for holding that the instructions given, as asked by defendant, stated any material erroneous or defective legal principle as applied to the proof.   The reference in the first instruction to plaintiff being inadvertently recertified June 6, 1900, the day on which he was reinstated in his former position, had no application to the determination of the facts submitted to the jury for their solution, and for that reason it is open to criticism; yet in view of all the facts it was, as affecting plaintiff's rights, harmless error, from which no curtailment of his rights has been suffered.

There is no vital error in this record calling for a reversal of the judgment of the trial court.

Plaintiff is not entitled to recover the salary attached to the office during the time he neither filled

the office nor discharged its duties. In the condition of this record the manner of his discharge is immaterial. He is not entitled to prevail, and the judgment of the Superior Court is affirmed.

*Affirmed.*

Mr. Justice ADAMS concurring. The obligations of the parties were correlative. The obligation of the city was to pay to the plaintiff in error the salary appropriated for the place which he held, and his obligation was to perform the services pertaining to the place. It is incumbent on him to prove that he was willing to perform the services pertaining to and required by his place. If, when removed, he was unable, by reason of physical or mental infirmity, to perform the services for the performance of which he was appointed or employed, he was not ready to discharge his obligation, and, with his inability to discharge his obligation, the city's obligation to pay him terminated. His place was at a station, where there was large, complicated and expensive machinery, constituting part of the water works of the city, which machinery it was his duty to watch carefully during certain hours; and it is shown, by a great preponderance of the evidence, that owing doubtless to some physical infirmity, he was unable to keep awake at times when he should have been alert and watchful; in brief, that he was incapable of performing the duties which he had undertaken to perform. On this ground I concur in the decision of the court.