# CASES

## THIRD DISTRICT

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1925.

---

## James M. Weaver, Appellant, v. County of Menard, Appellee.

### Gen. No. 7,857.

1. APPEAL AND ERROR—*presumption as to rightfulness of removal of county officer in suit for salary after removal.* On appeal from a judgment adverse to the claim of a removed county superintendent of highways for salary alleged due for services as such officer from the date of his official removal to the date when his successor was appointed, the court will presume that the appellant was rightfully removed and for one of the causes mentioned in Cahill's St. ch. 121, ¶ 8, subd. (c), where the stipulation of facts upon which the case was tried was silent as to the reason for such removal, and the legality thereof was not questioned upon the trial.

2. OFFICERS AND PUBLIC EMPLOYEES—*right to salary after removal from office.* An officer rightfully removed from office cannot recover any salary for performing the duties of such office after his removal.

3. OFFICERS AND PUBLIC EMPLOYEES—*determination of rightfulness of removal as prerequisite to suit for compensation thereafter.* Before one removed from public office may maintain a suit to recover salary for services as such officer following his removal, the question of the rightfulness of such removal must first be determined in a direct proceeding, i. e., by mandamus or quo warranto.

4. OFFICERS AND PUBLIC EMPLOYEES—*right of public officer removed for cause to hold over until successor appointed.* Cahill's St. ch. 121, ¶ 8, subd. (b), providing that the term of office of a county superintendent of highways shall be "six years, and until his successor is duly appointed and qualified," does not entitle an incumbent of such office, removed on one of the grounds stated in subd. (c) of that paragraph before the expiration of his term of six years, to continue to discharge the duties of the office until his successor is appointed.

5. OFFICERS AND PUBLIC EMPLOYEES—*right of removed officer to expenses incurred in discharging duties of office after removal.* A county superintendent of highways, removed from office before the expiration of his term for one of the causes stated in Cahill's St. ch. 121, ¶ 8, subd. (c), has no legal claim against the county for salary for performing his duties of that office following his removal, nor for expenses incurred in the discharge of such duties.

6. OFFICERS AND PUBLIC EMPLOYEES—*salary fixed for county superintendent of highways as covering disbursements for "traveling and other expenses."* Where at the time when county commissioners fixed the salary of a county superintendent of highways there was no warrant in law for the allowance to such officer of additional sums for expenses incurred in performing the duties of such office, the salary so fixed must be considered as intended to cover disbursements for "traveling and other expenses."

7. STATUTES AND RESOLUTIONS—*retroactive effect of statute authorizing allowance to county superintendent of highways for expenses incurred in discharge of duties.* The amendment of the statute governing the compensation of county superintendents of highways made by Laws 1921, p. 780, authorizing an allowance for "traveling and other expenses" in addition to the salary fixed by the county board, cannot be considered as intended to have reference to officials in office prior to the effective date of such amendment, whose salaries were presumably fixed to include such expenses.

Appeal by plaintiff from the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed December 31, 1925.

THOMAS D. MASTERS and WALTER T. DAY, for appellant.

E. G. KING, State's Attorney, for appellee; THOMAS P. REEP, of counsel.

Weaver v. County of Menard, 239 Ill. App. 265.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

James M. Weaver, the appellant, commenced this suit in assumpsit in the circuit court of Menard county, to recover an amount of salary which he claims he is legally entitled to recover for performing the duties of the office of county superintendent of highways. The amount which he claims he is entitled to recover is for a period of time commencing June 19, 1923, when he was removed from office by the action of the county commissioners, to the date of the appointment of his successor.  He also claims the right to recover for certain items of expenses, which, he alleges, were incurred by him in connection with the performance of his duties.  It is admitted by the appellee that the sum of $103.12 was due the appellant, being the amount of salary which accrued to him from June 1 to June 19, 1923, the date of his discharge and removal from office.  The case was tried by the court under a stipulation of facts.  The court found that the appellant was not entitled to recover anything more than the $103.12 mentioned, and rendered judgment for that amount.  This appeal is prosecuted from the judgment.

It appears from the stipulation that the appellant was appointed to the office of superintendent of highways by the County Commissioners of Menard County on the 22nd day of December, 1920, for a term of six years, and at a salary of $2,000 per year, payable quarterly; that he was officially removed and discharged from the office by the county commissioners on the 19th day of June, 1923, and the office was declared to be vacant; that appellant had been paid all the salary due him to June 1, 1923, and that the salary which accrued to him from June 1 to June 19, the date of his discharge from office, amounts to $103.12; and that the appellant, after his discharge and removal from office, continued to perform the duties of the office until about the 1st day of August, 1924, when J. Colby

Beekman was appointed and qualified as appellant's successor. It also appears from the stipulation that the appellant is seeking to recover certain expenses, amounting in the aggregate to $1,170.41, which he alleges were incurred by him in connection with the performance of his duties as superintendent of highways. It appears from the stipulation that from June 19, 1923, the date of appellant's official removal and discharge, to August 1, 1924, the date of the appointment of his successor, the services performed by the appellant were performed without the consent, authority, approval or recognition by the county commissioners; that the appellant was not restored to the office from which he was removed; that certain expenses incurred by the appellant in the discharge of his duties as county superintendent of highways were paid to the appellant; but expenses paid are not included in the account of expenses sued for, and that the items of expenses which the appellee paid were paid previous to the date of the resolution of discharge and removal from office. The provision in the statute under which the county commissioners took action to remove the appellant is as follows: "Any county superintendent of highways may be removed from office in the manner provided by law, either by the county board of his county or by the Department of Public Works and Buildings, for incompetency, neglect of duties or malfeasance in office." Cahill's St. ch. 121, ¶ 8, subd. (c). The particular cause which actuated the commissioners to remove the appellant from office does not appear in the stipulation, but the legality of his removal is not questioned, and the inference to be drawn from the stipulation is that the county commissioners removed the appellant from office for one of the causes mentioned in the statute. We are justified in assuming, therefore, that the appellant was rightfully removed, and, if so, the appellant cannot recover in this action any salary for performing the duties of the

office after his removal. It is well settled that persons discharged from public office, in a suit to recover salary which would have accrued to such persons, had they continued in office, must first have the question determined whether or not they were rightfully discharged; and this question can only be determined by a direct proceeding, that is to say, by mandamus or quo warranto. *Kenyon v. City of Chicago,* 135 Ill. App. 227; *City of Chicago v. Luthardt,* 191 Ill. 516; *Kipley v. Luthardt,* 178 Ill. 525. But it is contended by the appellant that inasmuch as the act creating the office of county superintendent of highways provides, that "the term of office of each county superintendent of highways shall be six years, and until his successor is duly appointed and qualified" [Cahill's St. ch. 121, ¶ 8, subd. (b)], his removal from office did not become legally effective until the appointment and qualification of a successor to appellant; and that, therefore, the appellant, notwithstanding his removal and discharge from office, had the legal right to continue in the performance of the duties of the office after his removal and discharge, and until August 1, 1924, when his successor was appointed and qualified. We cannot agree with this contention. The provision referred to is undoubtedly intended to apply to a continuance in office by the incumbent after the expiration of the term for which he is appointed, or when the holding of the office comes to an end in due course of the administration of the office. It does not contemplate holding on after the removal for incompetency or malfeasance. To place such a construction upon the provision referred to would nullify that part of the act, at least to the extent of making the right and power to remove for incompetency or malfeasance in office dependent upon the ability of the commissioners to find and select a successor. Moreover, the statute makes express provision for a contingency such as was brought about by appellant's removal. Subdivision (e) of paragraph 8

of the Act in question is as follows: "In case the office of county superintendent of highways in any county shall at any time be vacant, and a temporary emergency shall arise requiring that some duly qualified official perform the duties of said office, then the Department of Public Works and Buildings may designate any competent person to perform the duties of such office during the existence of such temporary emergency." Taking this view, we are of opinion that the court did not err in disallowing appellant's claim for salary after his term was ended by removal. It follows as a matter of course, and for the same reason, that appellant has no legal claim for expenses, which are alleged to have been incurred in connection with the performance of the duties of the office after his removal. There are some expense items which were apparently incurred before appellant's removal from office, but the disallowance of these items rests upon grounds equally conclusive against the appellant's right of recovery. At the time the appellant was appointed county superintendent of highways, and the amount of his salary fixed by the county commissioners, there was no warrant in the law for the allowance of anything to the superintendent of highways for expenses incurred in the performance of the duties of his office. The right to claim "actual traveling and other expenses," in addition to the salary fixed, came by amendment to the Act, which however did not go into effect until the year following the date of appellant's appointment and the fixing of his salary. It must therefore be considered that at the time of fixing the amount of salary the county commissioners and the appellant, in accepting the amount of salary, necessarily must have taken into consideration the matter of his "traveling and other expenses" which he would incur in going around in the county in the performance of his duties; and the inference is clear that the amount of salary which was considered by appellant and the

commissioners as a proper compensation for the performance of his duties as county highway superintendent included his "traveling and other expenses." In *Cook County v. Wren,* 43 Ill. App. 388, the same principle involved in this case was under consideration and the language of the court in that case is pertinent to the present controversy.

The court points out that "the records of the board introduced in evidence show that for the period covered by the warrants, the compensation of Wren was fixed at $5 per day for actual service. Could he legally draw anything from the county over and above such fixed compensation for the performance of his duties as a county commissioner, even though in the performance of such duties personal expense was incurred, as for traveling expenses in visiting county institutions? * * * The law imposes on the county board the duty of erecting, maintaining and managing various county institutions, such as the poorhouse, insane asylum, etc., and one who takes the office of county commissioner is bound to know the location of these institutions, and that the management of them by the board of which he is a member will involve personal inspection of them by the commissioners, for the purpose of information, to the end that the action of the board may be intelligent and discreet. So far as the proper discharge of official duty in the management of county affairs and county institutions may require the commissioner to travel from one part of the county to another, or from his residence in one part of the county to a meeting of the board or a committee thereof in another part of the county, such acts, whatever the personal expense they entail, must be discharged without other recompense than is fixed by law for the performance of the duties of the office. He who takes the office takes it *cum onere.* * * * The compensation, being thus fixed in such terms by the board, is the same in effect as if the legislature had itself fixed

it by statute, for the board only exercises a power conferred upon it by the legislature. If it had been so fixed by statute, it would be impossible to contend that mileage could be claimed in addition to the *per diem* named by the law as compensation for the personal discharge of the duties of the office. This exact point was decided by the Supreme Court of Pennsylvania in *Albright v. Bedford County,* 106 Pa. St. 582. * * * The contention by the commissioners was that they were entitled to demand from the county expenses incurred by them in traveling around the county in holding appeals in several townships and in visiting and examining county bridges. The claim included railroad fare, hire of conveyances, etc. The court in denying the claim said: 'The unmistakable purpose' (of the law) 'is to fix the entire compensation which the commissioners can draw from the county treasury. * * * There is no provision for any other or different pay; no allowance for mileage, traveling expenses or boarding bills is prescribed. They derive their powers and authority as well as their compensation from the law. They can no more enlarge the one than the other.' '' In Dillon on Municipal Corporations, sec. 233, it is said that ''it is a well-settled rule that a person accepting a public office with a fixed salary is bound to perform the duties of the office for the salary.'' Nor can the appellant justly claim a recovery for the alleged expenses under the amendment to the act which was subsequently passed. It cannot be considered that this amendment allowing expenses was intended to have had reference to officials in office whose salary was presumably fixed to include such expenses. In *Jimison v. Adams County,* 130 Ill. 558, it was held in reference to the question under consideration: ''We regard the position of the appellant upon this question as wholly untenable, so far as it relates to the compensation of superintendents, who were in office when the amendatory act was passed, and whose com-

pensation had been fixed before the passage of that act. * * * It is a general rule that a statute will be construed to be prospective, and not retroactive, in its operation, unless it clearly appears that the legislature intended it to have a retrospective effect. In the absence of a clear manifestation of legislative intent, statutes will be so construed as not to prejudice or affect past transactions. *Thompson v. Alexander*, 11 Ill. 54; *Conway v. Cable*, 37 Ill. 82; *Knight v. Begole*, 56 Ill. 122; *In re Tuller's Will*, 79 Ill. 99. Before appellant went into office, the county board had fixed his compensation for each year of the four years of his term, and he had performed the duties of his office, for the compensation so fixed, for nearly three years before the amendments of 1885 were passed. Under the law as it existed prior to the passage of the amendments, the county of Adams had an arrangement for receiving the services of appellant for four years at $4 per day for 200 days of each year. Did the legislature intend, by those amendments, that the county should be charged with a greater sum than that fixed by its board and accepted by appellant? We think not.''

For the reasons stated the judgment is affirmed.

*Affirmed.*