DONALD GATES, Plaintiff-Appellee, *v.* THE TOWN OF EAST ELDORADO, Defendant-Appellant.

Fifth District   No. 76-512

Opinion filed November 4, 1977.

Hancock & Ferguson, of Harrisburg, for appellant.

Charles W. Phillips, of Harrisburg, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Defendant, the Town of East Eldorado, appeals from a judgment of the Circuit Court of Saline County awarding plaintiff, Donald Gates, the sum of $1,333.33 in unpaid salary as township assessor for the calendar year 1974. Defendant urges that the trial court erred as a matter of law in awarding to plaintiff unpaid salary which accrued after his resignation from office.

At the outset we note that prior to the filing of briefs and the oral argument, plaintiff-appellee filed with this court a motion to strike the abstract and amended abstract and to dismiss the appeal. We ordered the motion to be taken with the case. We find that there has been substantial compliance in this matter, and in the interest of affording justice to the litigants we hold that the motion should be denied and the appeal determined on the merits.

Plaintiff was the duly elected and qualified township assessor of the Town of East Eldorado for the year 1974. The salary of the office had been fixed at $4,000 annually, and plaintiff was paid one-twelfth of said salary or $333.33 each month through the month of August 1974. On August 27, 1974, plaintiff submitted his written resignation from his office to the township board and stated therein that it was to take effect on August 26, 1974. On September 11, 1974, the board of town auditors held

a special meeting with all members present and by a unanimous vote accepted the resignation. This acceptance was duly recorded in the official minutes of the meeting by the town clerk. Plaintiff was paid eight months salary as township assessor but was not paid any amount for the four months of his unexpired 1974 term after his resignation. Plaintiff filed his complaint in this cause alleging that on or about July 8, 1974, he had completed all assessment work for the Town of East Eldorado for 1974 taxes and had delivered the assessment books and supporting papers to the supervisor of assessments of Saline County. Plaintiff alleged that upon demand defendant refused to pay him the balance of his salary for 1974. The amount demanded would be $333.33 per month for the four months following his resignation. The case was heard on its merits, and the circuit court entered judgment for the plaintiff in the amount of $1333.33.

On appeal defendant contends that as a matter of law plaintiff is not entitled to salary which accrued after his office became vacant by virtue of his voluntary resignation, and that the annual salary originally awarded to the town assessor was to be for a full twelve months work. We agree.

In support of its argument that the office of Town Assessor became vacant upon the plaintiff's submission of his resignation, defendant relies upon section 25—2 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 25—2) which in clear and unambiguous language states that an elected office becomes vacant by the resignation of the officer. Nevertheless, plaintiff contends that his resignation did not serve to vacate his office as town assessor, because section 25—2 of the Election Code is inapplicable. He claims that the chapter on township organization (Ill. Rev. Stat. 1973, ch. 139) being a special statute and containing sections governing the resignation of town officers controls over the general provisions of the Election Code. Plaintiff first cites section 4 of article X of that Act (Ill. Rev. Stat. 1973, ch. 139, par. 99) which provides that the board of town auditors "may * * * accept the resignation of any town officer" and that when this happens, "the town clerk * * * shall make a minute thereof upon the town records." He alleges that there was no proof in the court below that this was done, and that therefore his resignation was not legally effective. We find it unnecessary to rule upon whether noncompliance with this section invalidates a resignation, since uncontroverted evidence was produced at trial through the testimony of the town clerk, reading from the official minutes of the meetings of the board of town auditors, that the Board in a special meeting unanimously voted to accept plaintiff's resignation. Thus, plaintiff's allegations in this regard are, as a matter of fact, erroneous, and there is no merit to this contention.

■■ Secondly, plaintiff argues that by virtue of the township organization act his resignation was ineffective until his successor was

qualified and took office. Plaintiff's successor was appointed November 25, 1974 with the stipulation that he was to take office on January 1, 1975. Section 1 of article VII of the township organization act (Ill. Rev. Stat. 1973, ch. 139, par. 60) provides that township assessors shall perform the duties of their office for four years or until their successors are elected and qualified. In asserting the ineffectiveness of his resignation on this basis, plaintiff also relies upon *People ex rel. Illinois Midland Ry. Co. v. Supervisor of Barnett Township*, 100 Ill. 332, (1881) which held that section 1 of article VII codifies the policy that the public convenience shall not suffer from a vacancy in a public office. However, we do not agree that this section of the township organization act controls over section 25—2 of the Election Code and find that this reply to defendant's argument on appeal is also without merit.

■■ In *Swain v. County of Winnebago* (1969), 111 Ill. App. 2d 458, 250 N.E.2d 439, it was urged that the resignation of a township supervisor was ineffective, because a successor had not been appointed, and that the applicable provision of the township organization act rather than section 25—2 of the Election Code was determinative. The court rejected this argument and found the resignation to be effective upon receipt by the town clerk. In so doing, the court in *Swain* stated at page 469:

> "These two statutes are in pari-materia and must be construed together to determine the intent of the legislature. People ex rel. Krapf v. Hayes, 13 Ill. 2d 143, 147, 148 N.E.2d 428 (1958). The Constitution of Illinois contains no express denial of the right of a public officer to resign, although it does provide that all officers shall hold their offices until their successors shall have qualified. These provisions mark the intention and policy of the law to be that the public convenience shall not suffer from a vacancy. It is the public convenience, not the private ends of some particular individual or group, which is to be served. People v. Barrett, 365 Ill. 73, 77, 5 N.E.2d 453 (1936)."

The court in *Swain* premised its holding on the supreme court's decision in *People ex rel. McCarthy v. Barrett* (1936), 365 Ill. 73, 5 N.E.2d 453, where article IV, section 32 of the Illinois Constitution of 1870, which contains essentially the same language as section 1 of article VII of the township organization act, was interpreted in the following manner at pages 82-83:

> "We believe that the cases can all, or nearly all, be harmonized while retaining the necessary principles involved, by giving due consideration and weight to what was intended to be the fundamental holding of our own court in People v. Supervisor of Barnett Township, supra. The language of that opinion indicates the basic holding of the court, which was that one may not evade a

duty to a creditor or cause the public convenience to suffer by a voluntary resignation of public office. It would be a narrow and obviously impossible construction of the constitution to say that a public office may in no case become vacant until a successor to the officer is elected and qualified. Not even the constitution can prevent death from vacating a public office. Neither do we think it can prevent such a vacancy following upon the insanity of the officeholder, his abandonment of the office and leaving the jurisdiction of the court, nor by his refusal to perform its duties and acceptance of inconsistent employment, except where the public interest or the rights of creditors may make it necessary that he be compelled by mandamus to perform the duties imposed upon him and assumed by him."

We find that the reasoning of the *Barrett* and *Swain* decisions applies to the issue before us and that in the instant case neither the public convenience nor the rights of creditors were involved to require that there should be no vacancy in the office of town assessor. Thus, we hold that plaintiff's resignation was effective upon submission to the Town Board thereby rendering the office officially vacant.

■■ Defendant contends that once the assessor resigned and his office became vacant he was no longer entitled to be paid. However, plaintiff avers that because the evidence showed he completed all the assessments for 1974 taxes he should be paid the full $4,000 salary. Plaintiff thus viewed his former office as carrying only the responsibility of performing the single task of completing tax assessments for which a lump sum payment was to be awarded. However, we find that neither the evidence nor the nature of the office which plaintiff held are supportive of this theory. By statute (Ill. Rev. Stat. 1973, ch. 139, par. 60) township assessors are to enter upon their duties on January 1 and perform the duties of their office for four years. The office is established as a calendar year position and not as a job to be performed only during the months when the assessments are made. Further, there are enumerated in the applicable statutes many other duties which could arise throughout the year, in addition to the primary function of assessing which normally occurs between April 1 and June 1 of each calendar year. See Ill. Rev. Stat. 1973, ch. 120, pars. 483, 500, 607, 612(1).

Also, the Board of Town Auditors voted to pay the assessor $4,000 annually, payable monthly, and plaintiff was paid each month one-twelfth of his total annual salary. We believe this system of periodic payment of a fixed monthly sum is a strong indication that the office was envisioned as a full year's position with the officer to be available to render services as needed for each of the twelve months. Such a system of periodic payment is not supportive of a finding that plaintiff was awarded a total sum of

money for the performance of only the specific assignment of making assessments.

Finally, defendant relies on *Weaver v. County of Menard*, 239 Ill. App. 265 (1925), in support of its position that once a public office is officially vacated the former officer has no right to be paid a salary. In *Weaver*, the court held that after a superintendent of highways was officially removed from office and the office declared to be vacant, he was not entitled to the salary which accrued after his discharge even though he continued to perform duties for 14 months thereafter until his successor was qualified. We find the holding in *Weaver* persuasive and applicable to the matter before us. See also *Fekete v. City of East St. Louis*, 315 Ill. 58, 145 N.E. 692, denying recovery to a city attorney for salary which accrued after his constructive resignation.

Accordingly, the judgment of the Circuit Court of Saline County is reversed.

Reversed.

JONES and KARNS, JJ., concur.