JOSEPH KIPLEY

*v.*

WILLIAM LUTHARDT.

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

This case is controlled by the decisions in *People* v. *Kipley,* 171 Ill. 44, and *People* v. *Loeffler,* 175 id. 585, upholding the constitutionality of the Civil Service act.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

CHARLES S. THORNTON, and E. J. HILL, for appellant.

EDWIN BURRITT SMITH, for appellee.

Per CURIAM: This is an appeal from the judgment of the circuit court of Cook county awarding a peremptory writ of *mandamus* against the appellant, as superintendent of police of the city of Chicago, commanding him, as such superintendent, to restore the appellee to the position in the department of police of the said city formerly designated "chief clerk of the detective bureau" of the department, now designated "secretary to the chief of detectives," the same being a subordinate position in the said department. The judgment was rendered upon the theory the tenure of office of the incumbent of the said place or position is controlled by the provisions of the "act regulating the civil service of cities," approved and in force March 20, 1895. The grounds relied upon for reversal are, that the said act is in conflict with the constitution of 1870 and is not applicable to the police department of the city.

Prior to the submission of the cause we had occasion, in the case of *People ex rel.* v. *Kipley,* 171 Ill. 44, to consider and determine all the reasons here urged in support of the insistence the said act is unconstitutional, save one, and decided the act was constitutional and valid, and that it applied to all offices and places of employment in the department of police of the said city except the chief officer of said department. The alleged ground of unconstitutionality not involved in the *Kipley case* was presented to this court in the case of *People ex rel.* v. *Loeffler,* 175 Ill. 585, and there decided adversely to the contention of the appellant. We adhere to the conclusions announced in those cases. The doctrine of those cases is decisive of all points presented in this record. See, also, *Brenan* v. *People,* 176 Ill. 620.

The judgment is affirmed.          *Judgment affirmed.*