CARRIE KINSELLA

*v.*

IDA CAHN *et al.*

*Opinion filed April 17, 1900.*

1. PLEADING—*when foreclosure bill by trustee sufficiently indicates his representative character.* A bill to foreclose a trust deed filed by the holder of the notes and the trustee in the deed sufficiently indicates the representative character of the latter, though the word "as" does not precede the word "trustee," where such trustee has no other relation to the suit.

2. WAIVER—*objections to the service of process are waived by general appearance.* Objections to the service of process are waived by general appearance after the overruling of a motion to quash the return, entered under limited appearance.

3. APPEALS AND ERRORS—*when error in allowing item on foreclosure is not available on appeal.* Error in allowing the expense of continuing an abstract as part of the costs on foreclosing a trust deed can not be availed of on appeal, where the defendant made no objection to the item when evidence was offered before the master.

4. DAMAGES—*when damages for prosecuting appeal for delay will not be granted.* Damages for prosecuting an appeal for delay will not be allowed where there is palpable error in the proceedings, against which relief must be denied only because of delay in objecting.

*Kinsella* v. *Cahn,* 85 Ill. App. 382, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

L. M. ACKLEY, for appellant.

FELSENTHAL, D'ANCONA & FOREMAN, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county entered a decree of foreclosure of a trust deed upon a bill filed by the appellees, Ida Cahn, owner of the notes secured, and Simon

Straus, trustee in said trust deed, against appellant, Carrie Kinsella, and others. The Branch Appellate Court for the First District has affirmed the decree.

The sheriff's return showed service of the summons by leaving a copy thereof with a member of the family, and Carrie Kinsella and other defendants entered a limited appearance and moved the court to quash the return. The grounds of the motion were, that the copy left was not certified to be a copy of the original summons, and that it was not, in point of fact, a copy because it had only a scrawl for a seal, which did not contain the words on the seal impressed on the original. The motion was overruled and the defendants were ruled to plead, answer or demur, after which they entered a full appearance and submitted to the jurisdiction of the court. Not saying that there was any merit in either of the points, we will not consider them because the objections were waived by the subsequent general appearance of the parties.

In commencing their bill, the complainants described themselves as "Ida Cahn and Simon Straus, trustee in the trust deed hereinafter more particularly described." A copy of the trust deed was annexed, and the bill alleged that the complainant Ida Cahn was the legal holder of the notes secured, and that she requested the complainant Simon Straus, trustee as aforesaid, to file a bill to foreclose said trust deed, and therefore he joined with her in filing the bill. It is argued that the decree should be reversed because the word "as" does not appear between "Straus" and "trustee," in the commencement of the bill. Counsel says, in the absence of this word the bill is not filed by the trustee and does not indicate his representative capacity. Where a party occupies two relations to the subject matter, the word is sometimes used to limit the relation or character in which such party appears; but Straus had no relation to the suit except as trustee, and there was no necessity for show-

185—14

ing that he did not file the bill in some other relation or by some other right.

It is next contended that the court erred in decreeing the payment of $400 as solicitor's fees provided for in the trust deed, $250 for insurance likewise provided for, and $17.50 for the continuation of an abstract. All of these items were claimed in the bill to be due under the terms of the trust deed and to be secured thereby. Issues were made by answers and referred to a master in chancery. The defendant, who is now alleging this error, appeared before the master and introduced evidence. The complainants offered evidence that the solicitor's fee, which was stipulated for in the trust deed, was the usual, customary and reasonable attorney's fee charged and paid in foreclosure proceedings. They also proved the payment of $258 for insurance premiums and $19.50 for the continuation of an abstract, of which latter sum they claimed $17.50. Receipts for said payments were offered and admitted, and a witness testified to the payments without objection. There was contradictory evidence as to the amount of a reasonable solicitor's fee, but no objection or exception was taken to the master's report as to either item. It is insisted that the trust deed did not authorize the allowance of any solicitor's fee; but the provision was the same as we have held sufficient for that purpose in *Abbott* v. *Stone*, 172 Ill. 634, following *Cheltenham Improvement Co.* v. *Whitehead*, 128 id. 279, and other cases. The same objection is now made respecting the allowance for continuation of the abstract, and this is a good objection if it can now be made. There is no warrant whatever in the trust deed for such an allowance, but we think that the defendant having appeared before the master should have objected to the evidence. It is not necessary to except to a report of a master on a question of law for error apparent on the face of the record, but where parties appear before a master and evidence is offered in support of a claim made in the bill, and there

is no objection, a party should be held to acquiesce in the claim. Under such circumstances the question can not be raised for the first time on appeal. *Jewell* v. *Rock River Paper Co.* 101 Ill. 57; *Singer, Nimick & Co.* v. *Steele,* 125 id. 426.

A motion has been made for an allowance of damages on the ground that the appeal was prosecuted merely for delay. The decree is affirmed for the amount paid for the continuation of an abstract, solely because, under the rules of practice, the appellant is not permitted to raise it. We are not disposed to assess damages against a party for complaining of palpable error where we are compelled to deny relief on account of delay in making the objection.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*