## City of Chicago v. William H. Luthardt.

1. CITIES—*When Bound by the Acts of the Chief of Police.*—The acts of the chief of police of the city of Chicago, when based upon the proceedings of the common council giving color and authority to such acts, are binding upon the city.

2. CIVIL SERVICE—*The City of Chicago Can Not Violate the Civil Service Act.*—The city of .Chicago speaks and acts through its common council in matters relating to municipal affairs and can not be allowed to violate the act of the legislature in relation to civil service or the lawful rules of the civil service commission made in pursuance of the legislative authority.

3. MUNICIPAL OFFICERS.—*Legislative Power to Provide Mode of Appointment.*—In the absence of a constitutional restriction, the power of the legislature is ample to provide the mode of appointment to be adopted in the selection of municipal officers.

4. SAME—*Chief Clerk of the Detective Bureau.*—Under the acts to regulate the civil service of cities (Laws 1895, 84), and the rules of the commissioners, the position of chief clerk of detective bureau is that of a municipal officer within the meaning of the law, and after his appointment under the rules of the commission, he can not be removed except for cause upon written charges, and after an opportunity to be heard in his defense.

5. SAME—*Salary of, When Unlawfully Discharged.*—Where a municipal officer of the city of Chicago holding his position under the civil service act is unlawfully discharged and prevented from performing the duties of his office and the appropriation for his salary has not been lawfully expended, he is entitled to receive his salary for the period he is thus prevented from performing the duties of such office.

6.  SAME—*Right to Salary Follows the Legal Title.*—The legal right to an office carries with it the right to the salary and emoluments of such office.

Assumpsit, for salary, etc.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed October 4, 1900.

**Statement.**—In November, 1896, appellee, having been examined by the civil service commissioners of Chicago, pursuant to the civil service act of the General Assembly of 1895, and of rules adopted by said commissioners thereunder, was certified, selected and appointed as chief clerk of the detective bureau of the department of police, with an annual salary of $1,500. He thereupon entered upon the discharge of his duties and continued the same until March 31, 1898, when he was dismissed by the chief of police of the city from his position, and from that date the chief of police refused to allow him to perform his duties until he obtained a mandamus restoring him to his position, after which he was paid his salary from January 1, 1899.

He brought suit in assumpsit against appellant to recover his salary from April 1 to December 31, 1898, and recovered a judgment therefor, including interest, amounting to $1,204.69, from which this appeal is taken.

CHARLES M. WALKER, corporation counsel, WILLIAM H. FITZGERALD and ROSWELL B. MASON, assistant corporation counsel, attorneys for appellant.

The city is not responsible or liable for the acts of the superintendent of police and the city council complained of, for the reason that the said acts were beyond the scope of the authority of the superintendent of police and the city council, contrary to the civil service law and civil service rules, and void. Dillon on Municipal Corporations, Vol. 1, 4th Ed., Sec. 457, p. 528; Civil Service Act, Sec. 12 (Hurd's Revised Statutes, 1899 Ed.), p. 353; Civil Service Rule IX; Lorillard v. Monroe, 11 N. Y. 392, 396; Mitchell v. Rockland, 41 Maine, 363, 368.

The appellee is an employe and not an officer of the city of Chicago, and is, therefore, not entitled to any compensation from the city of Chicago, as he did not perform the services which he was employed to perform. Even if appellee be held to be an officer, he can not recover from the city, as he rendered no services to the city. Mechem on Public Offices and Officers, Secs. 2 and 4; Jeffries v. Harrington, 11 Colorado Supreme Court, 191; Shanley v. Brooklyn, 30 Hun (N. Y.), 396; Collins v. Mayor, 3 Hun (N. Y.), 680; Am. & Eng. Enc. of Law, Vol. 19, 1st Ed., 387; People v. Loeffler, 175 Ill. 585; People ex rel. Throop v. Langdon, 40 Mich. 673; Bunn v. The People, 45 Ill. 397; Dolan v. The Mayor, etc., of New York, 68 N. Y. 274; Smith v. The Mayor, etc., of New York, 37 N. Y. 518; Auditors of Wayne County v. Benoit, 20 Mich. 176.

A special appropriation having been made by the city council for the appellee's compensation for the year 1898, the appellee is not entitled to recover in this action of assumpsit therefor. He must look to this appropriation only. The city is not liable generally for his compensation. To hold it so violates sections 2, 3 and 4 of article 7 of the city charter.

A judgment can not be entered legally against the city in this action of assumpsit. Article 7, chapter 24, R. S. (Hurd's 1899, Ed. 282); Kimble v. City of Peoria, 140 Ill. 161; Dillon on Municipal Corporations, Vol. 1, Sec. 459, 534; Brauns v. Town of Peoria, 82 Ill. 12, 16, 17; Crane v. City of Urbana, 2 Ill. App. 559; East St. Louis v. Flánnigan, 34 Ill. App. 596, 604; Illinois Hospital for the Insane v. Higgins, 15 Ill. 185; Chicago v. Williams, 182 Ill. 135; City of Springfield v. Edwards, 84 Ill. 626; Lake v. Trustees of Williamsburgh, 4 Denio, 520; Kingsbury v. Pettis County, 48 Mo. 207; Argenti v. San Francisco, 16 Cal. 275; Martin v. San Francisco, 16 Cal. 286.

EDWIN BURRITT SMITH, CHARLES H. BLATCHFORD and CLAYTON R. TAYLOR, attorneys for appellee, contended that the appellee was and is an officer of the city of Chicago. As

such officer he became and is entitled to the salary appropriated for him as an emolument of his office whether he did or did not discharge the duties thereof. Civil Service Act, Laws 1895, 84, Sec. 3; Dillon Munic. Corp., Sec. 235; People v. Loeffler, 175 Ill. 585, 601–603; Dorsey v. Smyth, 28 Cal. 21, 26; Memphis v. Woodward, 12 Heisk. 499; S. C., 21 Am. Rep. 750, 753; Fitzsimmons v. Brooklyn, 102 N. Y. 536, 538.

He was chief clerk of the detective bureau, *de jure*, throughout the year 1898; and, as such, he was entitled to the salary appropriated therefor.    Andrews v. Portland, 79 Me. 484, 489; Carroll v. Siebenthaler, 37 Cal. 193; Ward v. Marshall, 96 Cal. 155, 159; Indiana v. Carr, 13 L. R. A. (Ind. 1891), 177, note; Rasmussen v. Commissioners, 45 L. R. A. (Wyo. 1899), 205, note; Nebraska v. Milne, 19 L. R. A. (Neb. 1893), 689, note; Auditors v. Benoit, 20 Mich. 176, 186, dissenting opinion of Cooley, J.

The fact of payment of a salary to the *de facto* officer is no defense to this action.    Civil Service Act, Secs. 29, 39, 32; Andrews v. Portland, 79 Me. 484, 491; Dorsey v. Smyth, 28 Cal. 21, 26; Memphis v. Woodward, 12 Heisk. 499; S. C., 27 Am. Rep. 750, 753.

MR. JUSTICE WINDES delivered the opinion of the court.

It is claimed that the city is not liable in this action, because the acts of the chief of police of the city in refusing to allow appellee to perform the duties of his position, which acts are based upon the proceedings of the common council of said city, had at the request of said chief, in failing to make any appropriation for the salary or compensation for the year 1898 for the office or position of appellee by the name of chief clerk of the detective bureau of the department of police, were beyond the scope of the authority of said chief of police and council and contrary to the civil service law and civil service rules.

We think this claim is untenable for the reason that the acts of the chief of police, when based, as this record shows they were, upon the proceedings of the common council

giving color and a supposed authority thereto, are binding upon the city of Chicago. The city speaks and acts through the common council in such matters, and can not thus be allowed with impunity to violate the act of the legislature and the lawful rules of the civil service commission made in pursuance of and by authority of such legislative act and rules authorized thereby, and in no way questioned in this proceeding. Maher v. City of Chicago, 38 Ill. 266; City of Chicago v. R. R. Co., 105 Ill. 73-85; Art. 5, Sec. 1, Par. 2, City Charter.

Moreover, as was held in Kipley v. Luthardt, 178 Ill. 525, the attempt of the council to dismiss appellee and deprive him of his position was ineffectual, and appellee's rights remained the same as if no action had ever been taken by the chief of police or of the council.

Appellant further claims that appellee is an employe and not an officer of the city of Chicago, and for that reason is not entitled to any compensation, as he did not perform the services he was employed to perform, and even if he is an officer he can not recover, because he rendered no services to the city for the period for which the suit is brought.

The duties of appellee's office or position were as follows: To receive all letters and telegrams received by or referred to the chief of detectives relative to police business, number and index the same, and see that proper reports are made thereon, and that they are answered and filed, or otherwise disposed of, as may be directed; to prepare and send out all letters and telegrams issued from the detective bureau; to make out fugitive warrants and prepare requisitions for extradition of fugitives from justice wanted by the Chicago police department; to see that the books and records of the detective bureau are properly made out and kept; and to prepare and make such reports as may be required.

Numerous cases and authorities are cited by appellant, which, it is claimed, establish that because appellee's duties were purely of a clerical character, his position was that of a mere employe of the city, and not an officer. Conceding

that under the test of these authorities the position of appellee was not that of an officer in the strict sense, we think they are not applicable in the case at bar.

In the case of People v. Loeffler, 175 Ill. 585, 601, in which the Supreme Court had under consideration the question as to whether the positions covered by the civil service act were offices within the meaning of section 24, article 5 of the constitution, it was held that the offices or positions provided for under the civil service act, while not strictly offices within the meaning of the constitutional provision, were in a sense municipal offices.

The court say :

"Inasmuch as the definition of 'office' in section 24 refers to State and not to municipal offices, there is no provision in the constitution prescribing any particular mode for the appointment of officers in municipal corporations. The legislature, therefore, may provide for the appointment of officers in the municipal government in the mode adopted by the civil service act. In the absence of any constitutional restriction, the power of the legislature is ample to provide the mode of appointment to be adopted in selecting municipal officers."

Section 3 of the Civil Service Act empowers the commissioners to classify all the offices and places of employment in the city, except those who are elected by the people and others specified in section 11 of the act, not now in question, and provides that the offices and places so classified by the commission shall constitute the classified civil service of the city. Section 4 of the same act provides that the commissioners shall make rules for carrying out the purposes of the act and for examinations, appointments and removals in accordance with its provisions. The commissioners did adopt rules, classified the offices and places of employment into two general classes known as class "A " and class "B" respectively. These rules provide (No. 3) that class "A " shall be known as the official service, and class " B " as the labor service, and under the further provisions of the rules as to classification, the chief clerk of the detective bureau falls in class "A," division " C " and grade 5.

It will thus be seen that under the Civil Service Act and the rules of the commissioners, the position of appellee was that of a municipal officer within the meaning of this act.

It was held by the Supreme Court in the case of Kipley v. Luthardt (the appellee in this case), 178 Ill. 525, that the appellee was illegally dropped from his position as chief clerk of the detective bureau during the time for which he seeks to recover his salary. Moreover, it appears from this record that appellee was dismissed from his position or office and not allowed to perform the duties thereof, in direct violation of section 12 of the civil service act, which provides that no officer or employe in the classified civil service of any city, who shall have been appointed under the rules of the commission, and after examination, shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. There were no charges preferred against appellee, and the only pretense for his dismissal and the refusal by the chief of police to allow appellee to perform the duties of his office, was the failure of the common council of the city to make an appropriation for his salary in the appropriation bill for the year 1898 by the name of " Chief Clerk of the Detective Bureau of the Department of Police," and in attempting to discontinue or abolish said office or position by changing the name thereof to "Secretary of the Chief of Detectives, rank of Lieutenant," without in any way changing the duties of said office or position, and by making an appropriation of $1,500 for the salary of said office of chief clerk under the name and style of " Secretary to Chief of Detectives, rank of Lieutenant."

Appellee, then, being a municipal officer, and prevented from the performance of the duties of his office by the acts of the chief of police and the common council of the city, and it not appearing from this record that the appropriation for the salary of his office has been paid to any one performing the duties of the office, appellee is entitled to recover. We think the fact that the appropriation was made under the name and style of " Secretary to Chief of Detectives, rank of Lieutenant," the duties of the office and

City of Chicago v. Luthardt.

the salary being the same, can make no difference. The duties of the office during the time for which recovery is sought, it is true, were performed and the office held by one Joyce, who was a serjeant of detectives in the department of police, for which latter position a salary of $125 per month was appropriated. It does not appear that Joyce received the salary pertaining to appellee's office, and we regard it as immaterial that the appropriation for the police department of the city for the year 1898 is exhausted. If exhausted it was without authority of law, so far as concerns appellee's salary, as it does not appear to have been paid to Joyce, who, without warrant of law, held appellee's office and performed its duties. 1st Dillon on Mun. Corp., Sec. 235; Stadler v. Detroit, 13 Mich. 346; Dorsey v. Smyth, 28 Cal. 21-6; Fitzsimmons v. Brooklyn, 102 N. Y. 536; Andrews v. Portland, 79 Me. 484-9; Rasmussen v. Commrs., 45 L. R. A. 295, 301 (Wyo.), and cases cited; Indiana v. Carr, 13 L. R. A. 177 (Ind.), and cases cited.

In the Andrews case, *supra*, the court say :

" The legal right to the office carried with it the right to the salary or emoluments of the office. The salary follows the legal title. This doctrine is so generally held by the courts that authorities hardly need be cited."

While there is some conflict in the authorities, which we deem it unnecessary here to review, we are of opinion that the weight of authority is as above stated, and this rule is sustained by late and well considered cases cited *supra*, and seems to us just, reasonable, and in accord with sound legal principles.

It is further said that appellee can not recover, because there has been an appropriation for his salary for the year 1898, and he must look to this appropriation, and to hold the city liable would be a violation of Secs. 2, 3 and 4 of article 7 of the city charter, and numerous authorities are cited in support of the contention. We can not, without unduly and unnecessarily extending this opinion, review these authorities. They do not, in our opinion, control the case at bar.

The appropriation for the salary of appellee for the year

332    APPELLATE COURTS OF ILLINOIS.

1898 was made and presumably is in the hands of the city treasurer. It does not appear to have been paid to a *de facto* officer holding the office of appellee and performing its duties. Even if it was so paid, many of the authorities hold that the municipality would still be liable. That question, it is, however, unnecessary here to decide, inasmuch as the salary of appellee, if used for any other purpose than that for which it was appropriated, was wrongfully used and should not prevent a recovery by appellee. Sec. 31 of the civil service act makes such payment illegal.

It can make no practical difference to the appellant whether appellee's salary is paid from the appropriation already made or from an appropriation to be made for the purpose of paying the judgment in this case. If the appropriation for the year 1898 is still in the hands of the city treasurer, as it should be, appellee's judgment may be paid from such appropriation. We can not appreciate the force of appellant's contention that to hold the city liable to appellee for his compensation would in any way violate the sections of the city charter referred to, which relate to the incurring of expense by officers of the municipality without a previous appropriation therefor.

The only other claim of error is as to the allowance of interest. This is obviated, as in the oral argument appellee's counsel voluntarily remitted the amount of interest included in the judgment, $79.69.

The judgment is therefore affirmed, less the amount of said interest, for the sum of $1,125, and costs of the Superior Court. Appellant will recover its costs in this court. Affirmed.