## Richard J. Cooney, Appellee, v. Robert M. Sweitzer, County Clerk of Cook County.

### Gen. No. 22,416.

1. PARTIES, § 35*—*when word "as" should be used where person is party in representative capacity.* Ordinarily the proper pleading requires that when one is made a party in a representative capacity, the word "as" shall be used to connect his name with the term descriptive of such capacity.

2. PARTIES, § 35*—*what description of party suing in representative capacity is sufficient.* The character in which a party sues or is sued must be determined from the body of the pleading, and a substantial description is sufficient.

3. PARTIES, § 35*—*when petition of mandamus shows that relation of defendant to suit is in representative capacity.* A petition for a writ of mandamus to compel S., "County Clerk of Cook County, Illinois," to permit petitioner to inspect certain books described therein, which alleges that defendant is county clerk of such county; that by statute he has the care and custody of the county books and records in his office and that they shall be open to the inspection of all persons; that petitioner has requested permission to inspect certain of such records and defendant has refused; and which prays that a writ of mandamus be directed to said defendant S., "County Clerk of Cook County, Illinois," commanding him forthwith to permit petitioner to inspect said books, sufficiently shows that the only relation of defendant to the suit is in his representative capacity, and it is not necessary to show that he is not sued in his individual capacity.

4. JUDGMENT, § 397*—*when judgment read in light of pleadings and other parts of record.* Where a judgment appears ambiguous in its form as to the capacity of a party to it, it will be read in the light of the pleadings and other parts of the record.

5. MANDAMUS, § 172*—*when judgment binds defendant in representative capacity.* A judgment awarding a peremptory writ of mandamus commanding one S., "County Clerk of Cook County, Illinois," to permit petitioner to inspect certain books, *held* sufficiently clear, when read in the light of the pleadings and other parts of the record, to bind defendant in his representative capacity.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 29, 1917.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mayer, Meyer, Austrian & Platt, for appellant.

Harry J. Standidge, John A. Verhoeven and Thomas E. Swanson, for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This is an appeal from a judgment awarding a peremptory writ of mandamus commanding "Robert M. Sweitzer, County Clerk of Cook County, Illinois," to permit the petitioner, appellee, to inspect certain books described in the petition for the writ. Appellant demurred generally and specially, and elected to abide by his demurrer on its being overruled, and contends in the main that the words "County Clerk" following the name Robert M. Sweitzer, both in the petition and the judgment, are merely *descriptio personæ*, and, without the connective "as" preceding them, are ineffectual to make him a defendant in his official capacity to such cause of action.

From the averments of the petition it is manifest that it seeks the enforcement of an official duty against respondent in his capacity as county clerk. It alleges that he is the county clerk of Cook county; that by statute the county clerk has the care and custody of the county books and records in his office and that they shall be open to the inspection of all persons; that petitioner requested permission of defendant to inspect certain of said records, etc., of which, under the law, he has the care and custody, and that defendant refused to comply with such request. After setting forth other matters immaterial to the question involved here, the petition prays for the issuance of a writ of mandamus directed "to the said defendant, Robert M. Sweitzer, County Clerk of Cook County, Illinois, commanding him" forthwith to permit the petitioner to inspect said books, etc.

Unquestionably good pleading generally requires that when one is made a party in a representative capacity the word "as" should be used to connect his name with the term descriptive of his representative character. It is a rule which makes for certainty, and is especially applicable "where a party occupies two relations to the subject-matter." (*Kinsella v. Cahn*, 185 Ill. 208.) But the character in which a party sues or is sued must be determined from the body of the pleading, and a substantial description is sufficient. (31 Cyc. 99; *Kinsella v. Cahn, supra.*) It is apparent from the averments in the petition that this cause of action could be brought against respondent only in his official capacity. In the *Kinsella* case, *supra,* the complainants were described as "Ida Cahn and Simon Strauss, trustee under the trust deed," etc. The court said that as Strauss had no relation to the suit except as trustee there was no necessity for showing that he did not file the bill in some other relation or by some other right. And so here. As from the nature of the cause of action and averments in the petition it is clear that Sweitzer had no relation to the suit except as county clerk, no necessity existed for showing that he was not sued in his individual capacity.

In most of the cases where, in the absence of the connective "as," descriptive words have been treated merely as *descriptio personæ,* the cause of action or averments were such that the party to whom such words applied might occupy two different relations with reference to the subject-matter of the suit. But where that is not the case, as in the suit at bar, the reason for the rule which rejects such words as surplusage in the absence of the connective "as" does not obtain.

We have carefully examined the authorities cited by appellant where the descriptive words were rejected as surplusage, thus rendering the action one for or against a party personally, and without undertaking to

analyze them in this opinion think that they may be readily distinguished in principle or fact from the case at bar, and many of them on the ground of ambiguity in the pleading as to the capacity in which the party sued or was sued. The petition before us is not ambiguous. We think the demurrer was properly overruled.

We think too that the judgment is binding on appellant in his representative capacity. A judgment, to be sure, should be certain and definite or capable of being made so by proper construction. To that end it will be read in the light of the pleadings and other parts of the record if in its form it appears to be ambiguous as to the capacity of a party to it. (*Gibbs v. Fuller*, 66 N. C. 116; *Commonwealth v. Ford*, 29 Grat. [Va.] 683.) We find no reversible error in the record.

*Affirmed.*