## Ida Burris, Appellee, v. Board of Education of District No. 188, County of St. Clair and State of Illinois, Appellant.

1. APPEAL AND ERROR—*when question as to necessity for showing title to office properly raised.* In an action for salary as truant officer for the unexpired term for which plaintiff claimed to have been appointed, on the ground that she had wrongfully been discharged by the school board, the contention of defendant that plaintiff must show title to the office covering the time for which she claimed salary was properly raised by a motion for a directed verdict in favor of defendant.

2. OFFICERS—*when office of truant officer created.* In providing for the position of truant officer the legislature created an office as contemplated by section 24, art. V, of the Constitution of 1870.

3. SCHOOLS AND SCHOOL DISTRICTS—*duties of truant officer.* The duties to be performed by a truant officer are not to be fixed by contract but fixed by statute.

4. SCHOOLS AND SCHOOL DISTRICTS—*duty as to appointment of*

*truant officer.* Under the statutes creating the office of truant officer (Hurd's Rev. St. ch. 122, sec. 275, J. & A. ¶ 10313), the appointment of such officer is mandatory on the board of education, and if a vacancy occurs in such office it is the duty of the board immediately to fill the same.

5. SCHOOLS AND SCHOOL DISTRICTS—*term of office of truant officer.* The position of truant officer is a continuing one, at least for each school year.

6. SCHOOLS AND SCHOOL DISTRICTS—*who has power to remove truant officer.* As the statute providing for the appointment of a truant officer does not provide how that officer may be removed, the board of education which has the appointing power is the body authorized to remove such officer.

7. SCHOOL AND SCHOOL DISTRICTS—*power as to removal of truant officer.* Though the time for which a truant officer is appointed is not fixed by statute, it will be held, as matter of law, that such an officer was appointed for the school year and, if so appointed, could not be removed during such term except for cause.

8. SCHOOLS AND SCHOOL DISTRICTS—*right of truant officer to recover salary after discharge.* Where plaintiff's pleadings and testimony show that after certain conversations with the principal of schools on November 25 and 26, she never thereafter performed the duties of truant officer or tendered such services to the board of education or to any one else, and that she was discharged by the board of education December 2, she did not hold title to the office after that date and could not recover salary for the remainder of the school year.

9. OFFICERS—*necessity for bringing action to test propriety of discharge before suing for salary.* Persons discharged from a public office must first have determined, in a direct proceeding by mandamus or quo warranto, the question whether they were rightfully discharged before they can bring a suit to recover the salary that would have accrued had they continued in office.

10. OFFICERS—*right to test propriety of discharge in action for salary.* One who claims to have been wrongfully discharged from public office but who has not had that question determined in a direct proceeding is not entitled to recover in an action for salary for the remainder of the term of office, and cannot go into the question of the rightfulness of such discharge in such an action.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1920. Reversed with finding of fact. Opinion filed October 28, 1920.

BARTHEL, FARMER & KLINGEL, for appellant.

F. J. Tecklenburg, for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the court.

On July 1, 1918, Ida Burris, appellee here, was appointed by the then acting Board of Education of District No. 188 of St. Clair County, Illinois, as truant officer for said district, at a salary of $25 per month. There was but one school in the district, and it was appellee's duty, as truant officer, as testified to by her, to call on the teachers and principal of this school every morning while school was in session, and learn from them what pupils, if any, were absent without good cause, and to proceed against them or their parents as required by statute. She performed this service during the month of September and up to October 7, 1918. On that date the school was closed on account of an epidemic of influenza, and was not reopened until November 25, following. In the meantime, the board which had appointed appellee as truant officer had been ousted from office and was succeeded by a new board. Likewise a new principal had been appointed for the school, in the person of one William Terry.

The declaration filed by appellee was in assumpsit and consisted of one count in which it was alleged that appellee was employed as a truant officer by the board of education of said district for the term of 10 months at a salary of $25 per month, beginning Sept. 2, 1918; that she served as such officer for the months of September, October and November, 1918, and that on December 2, 1918, she was discharged by the board of education of said district without cause and was not permitted to perform her duties as such; alleges willingness on the part of appellee to perform such duties, resultant damages, etc.

The general issue was filed to the declaration and one special plea. The latter, in substance, averred

that appellee did not diligently and properly perform her duties as truant officer, but that she was negligent and inattentive to her duties and incompetent to perform the same and for that reason appellant discharged her on December 2, 1918. Issue was joined and a trial was had resulting in a verdict and judgment for $150 in favor of appellee. To reverse said judgment appellant prosecutes this appeal.

Appellee testified on the trial that when school was opened on the morning of November 25, she reported for duty at the office of Mr. Terry, the new principal, and that he told her that the people's party board was then in power; that they had their own truant officer, and that her services were not wanted. She stated further that she again reported to him for duty the next day and he said: "Now, Mrs. Burris, it is not necessary for you to come back here any more, because we have our own truant officer and if you come back any more you are laying yourself liable." She did not report for duty again or perform any service as truant officer after that.

On December 2 the board of education met and discharged appellee on the report of Mr. Terry that appellee was not discharging her duty and that they had no truant officer. A new truant officer was then appointed by the board. Appellee was paid her salary for September, October and November and suit was brought by her to recover the salary for the six months she avers she was prevented from discharging her duties as such officer.

The evidence on the part of appellant is to the effect that while appellee called on Terry, the principal of the school, on November 25 and 26, nothing was said by her as to further performing the duties of truant officer; that the only matter discussed by her with Terry was as to whether or not she would receive pay for the months of October and November, being the period in which the schools were closed on

account of the influenza epidemic. Terry testified that he stated to appellee that he would use his influence, if he had any, with the board to see that she received her salary for those two months and that he was of the opinion that she would. While the evidence is conflicting on this point, we are assuming in the determination of the appeal that the transaction between appellee and Terry was as appellee gave the same in her testimony, as it was for the jury to say, if the question was rightly before them, as to who they believed, and as to what the evidence proved.

No question is raised on this record as to appellee's original appointment by the then acting board of education. Appellee averred in her declaration, testified on the trial and offered documentary evidence to the effect that she was discharged by the present board of education on December 2, 1918. The evidence both on the part of appellee and appellant also is that appellee never tendered her services to appellant, board of education, or conferred with said board in reference to her services. Her own testimony is that as truant officer she failed to act or perform the duties of such office on the statement she claimed Terry made to her. At the close of appellee's evidence, and again at the close of all the evidence, appellant presented a motion and instruction to exclude the evidence and find the issues for appellant, both of which were denied. Appellant assigns error on the ruling of the court on these motions.

It is first contended by appellant, for a reversal of the judgment in this case, that appellee was appointed to an office as contemplated by the constitution and the law providing for a truant officer, and that before she would be entitled to maintain an action for the salary connected with that office she must show title to the office covering the time for which she is claiming salary. Appellee insists that this question was not raised in the lower court and that it cannot be

raised here. We are of the opinion and so hold that the motion for a directed verdict properly raises this question.

The terms "office" and "employment" as defined in section 24, art. V of the Constitution of 1870, are as follows: "An office is a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, until a successor is elected or appointed. Employment is an agency for a temporary purpose which ceases when that purpose is accomplished." The position of truant officer is created and the duties thereof are defined by section 275 of chapter 122, of Hurd's Revised Statutes (J. &. A. ¶ 10313), as follows: "The board of education or the board of school directors, as the case may be, shall appoint at the time of election of teachers one or more truant officers whose duty it shall be to report all violations of the preceding section to the board of education or board of directors and to enter complaint against and prosecute all persons who shall appear to be guilty of such violation. It shall also be the duty of the truant officer to arrest any child of school going age that habitually haunts public places and has no lawful occupation, and also any truant child who absents himself or herself from school, and to place him or her in charge of the teacher having charge of any school which said child is by law entitled to attend, and which school shall be designated to said officer by the parent, guardian or person having control of said child. In case such parent, guardian or person shall designate a school without making or having made arrangements for the reception of said child in the school so designated, or in case he refuses or fails to designate any school, then such truant officer shall place such child in charge of the teacher of the public school. And it shall be the duty of said teacher to assign said child to the proper class and to instruct him or her in such

studies as he or she is fitted to pursue. The truant officer so appointed shall be entitled to such compensation for services rendered under this act as shall be determined by the board appointing him, which compensation shall be paid from the distributive fund of the district.''

In *United States v. Maurice,* reported in 2 Brock. (U. S.), page 103, Chief Justice Marshall in delivering the opinion of the court says: ''It (an office) is a public charge or employment, and he who performs the duties of the office is an officer. If employed on the part of the United States, he is an officer of the United States. Although an officer is an 'employment,' it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to do an act or perform a service without becoming an officer. But if a duty be a continuing one, which is denied by rules prescribed by the government, and not by contract, which an individual is appointed by government to perform, who enters on the duties pertaining to his station without any contract defining them, if those duties continue, though the person be changed—it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer.''

This case was cited and approved by our Supreme Court in *Bunn v. People,* 45 Ill. 397.

In *Fergus v. Russel,* 270 Ill. 304, the Supreme Court at page 322, after quoting the provision of the Constitution above set forth, says: ''This is an explicit definition and must serve as the only guide of the legislature in making appropriations for the salaries of the officers of the State government. This definition contains two essential elements, both of which must be present in determining any given position to be an office: (1) The position must be a public one, created either by the constitution or by law; and (2)

it must be a permanent position with continuing duties. To determine whether the first element is present we have but to look to our constitution and our statutes to see whether the particular position under consideration has been created by the constitution or by law. An office is created by law only as a result of an act passed for that purpose. The mere appropriation by the General Assembly of money for the payment of compensation to the incumbent of a specified position does not have the effect of creating an office or of giving such incumbent the character of an officer (People v. McCullough, 254 Ill. 9), as an office cannot be created by an appropriation bill. To ascertain whether the second element is present it is necessary to determine the character of the position. This is not determined by the method in which the occupant or holder of the position is selected —whether by appointment or election. If the duties of the office are continuing and it is necessary to elect or appoint a successor to the several incumbents, then the second element is present whether the incumbent be selected by appointment or by election, and whether the incumbent be appointed during the pleasure of the appointing power or be elected for a fixed term.''

In our opinion, under the authorities above cited, the legislature, in providing for the position of truant officer, created an office as contemplated by the provision of the constitution above quoted.

The duties to be performed by a truant officer are not to be fixed by contract but are fixed by statute. The statute not only provides for the appointment of a truant officer by the board of education but specifically sets forth the duties to be performed by such officer. We hold from a reading of the statute that such appointment is mandatory on said board and if for any reason a vacancy occurs in such office it would be the duty of the said board to immediately fill the same.

Counsel for appellee argues that the position is not a continuing one. It is at least for each school year.

Appellant next contends that inasmuch as the statute providing for the appointment of a truant officer does not provide how that officer may be removed, the body appointing the officer, namely, the board of education, has the power and is the body authorized to remove such officer. We think this position is sound and is supported by the authorities. *People v. Higgins*, 15 Ill. 110; *Parish v. City of St. Paul*, 84 Minn. 426.

It is laid down in 29 Cyc., page 1371, that: "It is the universal rule that where the duration of an office is not prescribed by law, the power to remove is an incident of the power to appoint." And on page 1396 of the same volume it is held: "Where, however, the term of office is not fixed by law, the officer is regarded as holding at the will of the appointing power on the theory that the power of removal is incident to the power of appointment."

Appellee contends that even though the time for which she was appointed as such truant officer was not fixed by statute, it would be held, as a matter of law, that she was appointed for the school year and, if so appointed, she could not be removed except for cause. We are of the opinion that appellee is correct in her contention that her appointment was for the school year, namely, 10 months, and that she could not be removed by the board of education except for cause. However, appellee by her pleadings and by her own testimony and by the documentary evidence offered by her concedes that she was discharged as truant officer by the present board of education on December 2, 1918. Appellee further testified that after her visit to the school building and her conversation with the principal on the 25th and 26th of November, 1918, she never thereafter performed the duties of truant officer and that she never thereafter tendered

her services as such to the board of education or to any one else. So that on the record made by appellee in this case she has not held the position of truant officer of the school district in question since December 2, 1918. It therefore follows, under the holding of the courts of this State, that appellee cannot recover from appellant, board of education, as truant officer, inasmuch as she did not hold title to the office during the time in question, the law being that the salary follows the title to the office. *Kenyon v. City of Chicago,* 135 Ill. App. 227; *Bullis v. City of Chicago,* 235 Ill. 472; *City of Chicago v. Luthardt,* 191 Ill. 516; 25 Cyc., p. 1429; *Stott v. City of Chicago,* 205 Ill. 281; *Kipley v. Luthardt,* 178 Ill. 525.

The law further is that persons discharged from a public office, in a suit to recover the salary that would have accrued to such persons had they continued in office, must first have the question determined as to whether or not they were rightfully discharged. That question must be determined in a direct proceeding by mandamus or quo warranto. *Kenyon v. City of Chicago,* 135 Ill. App. 227; *City of Chicago v. Luthardt,* 191 Ill. 516; *Kipley v. Luthardt,* 178 Ill. 525.

In *Kenyon v. City of Chicago, supra,* p. 230, the court says:

"The right to the office claimed must be settled in a direct proceeding, such as mandamus, commanding the proper official to let into the office claimed the petitioner, or by certiorari vacating on review the action of those by whose order the party suing out the writ was removed, thereby reinstating him in his office. The person seeking to recover the salary attached to an office must first prove that he is such officer *de jure.*"

Appellee by her own pleadings and admissions concedes that she was not acting as the truant officer during the period for which she sues to recover salary. She cannot therefore recover in this case and she cannot go into the question as to whether or not she

was rightfully discharged in this proceeding, it being a collateral one, but that question must be determined in a direct proceeding.

It is contended by appellant, and there is some force to this contention, that appellee on her own statement never tendered her services to the board of education; that she on her own statement abandoned the job of truant officer on the statement made to her by the principal of the school, that she was no longer needed or wanted and that another officer had been appointed.

Appellant cites in support of this contention 29 Cyc., page 1404, wherein it is said; ''An office may be terminated by abandonment. 'Abandonment' means failure to perform the duties of the office.''

For the reasons above set forth, we hold that the court erred in failing to direct a verdict in favor of appellant, and the case is therefore reversed with a finding of fact to be incorporated by the clerk in the judgment to be entered herein.

*Reversed with the finding of fact.*

The court here finds that appellee did not fill the position or perform the duties of truant officer from December 2, 1918, and that prior to said time she had been fully paid the salary incident to said office, and we further find that appellee never tendered her services to the appellant, board of education, after November 26, 1918, when said present board assumed the control of the school in question under the holding of the court that it was the duly elected board.