The People of the State of Illinois ex rel. Matthew Campbell, Appellee, v. John W. Kapp, Jr. et al., Appellants.

Gen. No. 9,093.

Opinion filed April 20, 1938.

Hugh J. Dobbs, of Springfield, for appellants.

GILLESPIE, BURKE & GILLESPIE, of Springfield, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

On June 28, 1937, Matthew Campbell, relator, filed his petition in the circuit court of Sangamon county, for a writ of mandamus against John W. Kapp, Jr., as mayor, C. F. Nuess, as superintendent of police, Ray E. Simmons, as comptroller, Charles A. Schuppe, as city treasurer, Harry B. Luers, as commissioner of accounts and finances, and John P. Snigg, Edward W. Lartz and J. O. Holland, as civil service commissioners of the city of Springfield, Sangamon county, Illinois. Upon a trial of said proceeding the People's peremptory writ of mandamus was awarded as prayed for in the petition.

John W. Kapp, Jr., as mayor of the city of Springfield, Ray E. Simmons, as comptroller of the city of Springfield, Charles A. Schuppe, as city treasurer of the city of Springfield, and Harry B. Luers, as commissioner of accounts and finances of the city of Springfield, appealed from said judgment.

The petition alleges that the relator, Matthew Campbell, was a member of the police department of the city of Springfield for a number of years, and that during all of his years of service he faithfully and efficiently performed the duties of the office, and that he was illegally and wrongfully discharged from his office and from the service of the city of Springfield.

That the city of Springfield is a municipal corporation and, after it adopted the commission form of municipal government, the city council distributed and assigned the various departments of the municipal government to the mayor and the several commissioners, and that the police department was assigned to and under the supervision of the department of public affairs, and the general supervision and oversight of the police department was, at all times material herein,

and is now vested in the mayor of said city as commissioner of public affairs, and that John W. Kapp, Jr., has been and now is mayor of said city.

That in 1909 an ordinance was passed by the council of said city, providing that the police department shall consist of a superintendent of police, who shall be *ex officio* chief of police, and such other officers including patrolmen as the city council may from time to time provide.

It further alleges the existence of the offices and the names of the appellants occupying the same and the duties of each, and also alleges the fact that relator had been suspended from his office as a police patrolman on or about June 22, 1935, and that on December 30, 1935, relator filed his petition in the circuit court of Sangamon county for the writ of certiorari against the civil service commission and its members and that the record of the proceeding of said commission was quashed, and further sets out a copy of a written demand served upon the city of Springfield and respondents on May 29, 1937, demanding that the salary appropriated for the position of police officer of said city from March 5, 1936, be paid to him.

Petitioner prays that a writ of mandamus issue, directed to and against the defendants appellants, and C. F. Nuess, superintendent of police, and John P. Snigg, J. O. Holland and Edward W. Lartz, civil service commissioners, commanding C. F. Nuess, as superintendent of police, to forthwith assign relator to duty as police patrolman, and said civil service commission to certify to the mayor and superintendent of police that relator is by law a police patrolman, and defendants appellants in their representative capacities to place relator upon the pay rolls of the city of Springfield and to pay to relator the salary provided for the office of police patrolman from March 5, 1936, and thence forth until he is retired or removed.

Defendants appellants made a motion to strike certain portions of the petition, which was denied by the court, and although such action of the court is relied upon as one of the grounds of reversal, such alleged error is waived, as no citation of authorities or argument in support thereof is contained in the brief and argument of appellants.

Appellants answered said petition and after neither admitting or denying the allegations of certain paragraphs, and admitting some of the allegations contained in certain paragraphs of the petition, say, that the fiscal years of the city of Springfield begin on March 1 of each year and end on the last day of February of the succeeding year, and that the city council is required by law to adopt an annual appropriation ordinance the first quarter of each fiscal year; that there is no ordinance of the city of Springfield specifying the salary, or rate of pay of any police patrolman of the city, and the salary or rate of pay during any period is his aliquot part of the revenue available for compensating all police officers during such period; that no specific appropriation was made for the payment of salary to relator or any other police officer for the fiscal years, commencing on March 1, 1935, 1936, or 1937; that by ordinance for the fiscal year beginning March 1, 1936, there was appropriated for salary of police officers, $85,680; for the fiscal year beginning March 1, 1937, a like sum; that the appropriations for police officers for the fiscal year beginning March 1, 1936, and for the fiscal year beginning March 1, 1937, for the months of March, April, May, June and July, 1937, have been expended in the payment of salaries of police officers actually performing police services, and that there is not available in the appropriation for payment of police officers during said fiscal period any sum in addition to those needed for the payment of officers actually performing police services and no ap-

propriation for the payment of compensation to relator for the prior fiscal year, or any portion thereof, or for the months of March, April, May, June and July, 1937.

Petitioner moved the court in writing to strike from the files in this cause the answer of the defendants and to enter judgment therein, and for grounds of said motion among other things shows:

2. That the said answer is substantially insufficient in law and does not state facts showing that the said defendants, or either of them, have a legal defense to petitioner's cause, or any part thereof. Upon a hearing of said motion the court sustained the same, and thereupon entered judgment. Appellants rely upon the alleged error of the court in striking their answer on the merits to said petition, and in entering judgment upon the petition in favor of petitioner and against appellants.

In their argument appellants say the gist of the matter is, that they are without power or authority to pay relator his back salary, and there are available no funds for such purpose; that the judgment of the circuit court cannot of itself confer power or authority to expend money contrary to law upon appellee. In addition to the lack of power on the part of appellants to perform the act sought to be coerced the right of relator has not been determined or fixed in such a way that appellants can pay such back salary. The appropriations for the preceding fiscal year, which were exhausted, and the appropriation for the current fiscal year, to pay the aggregate salaries of all the policemen, obviously do not fix the amount of monthly compensation payable to relator. Want of funds is a complete answer to a petition for mandamus to compel an officer to draw a warrant in a case of this character.

Appellants neither admit nor deny the allegations contained in paragraph 17 of the petition, which alleges that the judgment of the circuit court of Sangamon

county in said certiorari proceeding is still in full force and effect, and that under such judgment relator was entitled to the office of police patrolman of the city of Springfield, and entitled to the salary and emoluments of said office, but in answer thereto they say that an appeal was taken from said order of the circuit court of Sangamon county within the time permitted by law and to the first term of the Appellate Court of the Third District, to which an appeal could be perfected, and that a petition for leave to appeal will be filed in the Supreme Court of the State of Illinois for the review of said decision of the Appellate Court of the Third District at the October Term, 1937, in the said Supreme Court, which is the first term of the court at which such petition may be submitted.

A writ of certiorari was issued upon the order of Honorable L. E. Stone, one of the judges of the circuit court of Sangamon county, and in response to said writ the civil service commission filed its return including the charge and findings and order of said commission. Upon a hearing upon the motion of the petitioner, Matthew Campbell, to quash the record of the proceedings, the court on March 4, 1936, entered an order quashing the record of the proceeding filed in said cause. This judgment of the circuit court in the certiorari proceeding was self-executing and required no process of any kind to enforce it. The law is, in the absence of a special statute to the contrary, that an appeal or supersedeas bond, or writ of error will not operate to suspend such a judgment. From the date of the entry of the order of the circuit court of Sangamon county on March 4, 1936, in the certiorari proceeding, quashing the record of the civil service commission, the right of relator to the office of police patrolman was found and determined.

Although appellants allege in their answer that the appropriations for the fiscal years commencing March 1, 1936, and March 1, 1937, for the months of

March to July, inclusive, have been expended in the payment of salaries of police officers and that there is not available in the appropriations for payment of police officers any sums in addition to those required for the payment of police officers actually performing services to the city of Springfield, there is no contention or claim in their answer that the salary due to relator was paid to some *de facto* policeman who discharged the duties of the office of relator for the time he was wrongfully prevented from discharging the same.

It not appearing from the record that the appropriation for the salary of his office has been paid to any one performing the duties of his office as police patrolman, relator is entitled to recover. It is immaterial that the appropriations for the police department of the city of Springfield for the fiscal years, 1935, 1936 and 1937, are exhausted. If exhausted it was without authority, so far as concerns the relator's salary, as it does not appear to have been paid to any person who, without warrant of law, held relator's office and performed his duties. *Chicago v. Luthardt,* 191 Ill. 516, 61 N. E. 410.

Relator was suspended on June 22, 1935, and on March 4, 1936, the record of the proceedings of the civil service commission was quashed in the certiorari proceedings and he was adjudged a *de jure* police patrolman and said judgment had not been reversed or modified up to the filing of the petition herein. The annual appropriation ordinances for the fiscal years beginning March 1, 1935, 1936 and 1937, making appropriations for salaries of police officers were duly passed by the council of the city of Springfield and in each of which the annual salary of relator was provided.

We are of opinion that the right of relator has been determined and fixed in such a way that appellants can pay such back salary. The judgment commands the superintendent of police, C. F. Nuess, to forthwith assign relator to duty as police patrolman of the city of

Springfield and commands appellants to place relator upon the pay rolls of said city of Springfield, "and to pay the said Matthew Campbell the salary provided for the office of police patrolman from the fifth day of March, 1936, and thence forth until the said Matthew Campbell is retired or removed as provided by law from his said office as police patrolman, in such installments and at such times as may be provided by law."

The amount to be paid as back salary in accordance with the writ issued, being the salary paid to a police patrolman, from March 5, 1936, to this date, to wit: the date of the writ, August 4, 1937, is certain. The person required to make payment, to wit: the city of Springfield, and the person to whom payment is due is certain, and it was rendered by the circuit court of Sangamon county, a court of competent jurisdiction, and contains all the necessary elements of a valid judgment. *Cooncy v. Sweitzer*, 205 Ill. App. 597.

There being a clear right to the payment of the amount wrongfully withheld and the only dispute or contention being as to the power and authority of appellants to pay relator his back salary because of lack of available funds, mandamus is a proper and adequate remedy. A judgment awarding a writ of mandamus to compel re-instatement in office may include a command to pay salary. The relator was clearly entitled to be paid his salary from March 4, 1936, the date of the judgment of the circuit court in the certiorari proceeding, and was entitled to the writ to compel payment of the same. *People ex rel. v. Thompson*, 316 Ill. 11, 146 N. E. 473; *Hittell v. City of Chicago*, 327 Ill. 443, 447, 158 N. E. 683.

"The legal right to the office carried with it the right to the salary or emoluments of the office. The salary follows the legal title. This doctrine is so generally held by the court that authorities hardly need be cited." *Chicago v. Luthardt, supra.*

The relator in this proceeding is only seeking to recover back salary from March 5, 1936, to August 4, 1937, the date of the writ of mandamus, and the judgment of the circuit court only commands appellants to pay such salary for that period of time. The relator was, on March 4, 1936, adjudicated a *de jure* police patrolman of the city of Springfield by the judgment of the circuit court of Sangamon county in the certiorari proceeding, and as such is entitled to the salary as the same follows the legal title to the office. Appropriations were made for each of the fiscal years, commencing on March 1, 1936, and March 1, 1937, in the sum of $85,680, included in which appropriations was the compensation for salary to which the relator was entitled for those years, and if such appropriations are exhausted it is without authority, so far as concerns relator's salary, as he during that time was a *de jure* police patrolman of said city, and as such his salary was due him, payable out of said appropriations, and the same could not legally be expended for any other purpose. *Chicago v. Luthardt, supra.*

The answer of defendants appellants, not having set forth facts constituting a defense to the granting of the petition of relator, the circuit court properly sustained the motion of relator to strike the same, and it did not err in entering judgment. We are of opinion that the judgment of the circuit court of Sangamon county should be affirmed, and the same is affirmed accordingly.

*Affirmed.*