(No. 3685—

CLAY WILSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

EUGENE P. MEEGAN, for claimant.

GEORGE F. BARRETT, Attorney General;· WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

The claimant, Clay Wilson, a Civil Service employee of the Department of Public Welfare of the State of Illinois, was certified as Custodian of Boys, State Training School for Boys at St. Charles, Illinois, on August 2, 1940. On November 16, 1940, he was suspended for a period of thirty days for "sleeping while on duty in a cottage dormitory." Written charges were filed with the Civil Service Commission on November 27, 1940, hearing was had on December 9, 1940, the charges sustained, and claimant's discharge made effective as of January 2, 1941. Claimant was not present at the hearing.

Subsequently, claimant filed with the Commission a petition for rehearing, alleging that he had received no notice of the hearing held December 9th. A rehearing·was had on July 26, 1941, at which the employee and his counsel were present.

On October 22, 1941, the Commission entered an order of reinstatement, effective November 20, 1941. Reinstatement was made in accordance with this order. Claimant's salary as Custodian of Boys was $900.00 per year, and was paid to him to January 2, 1941. Claimant now seeks an award in the sum of $768.00, on the ground that he was wrongfully deprived of his salary from January 2, 1941, to the date of his reinstatement.

The right to the salary is attached to and follows the legal title to the office. (*People* vs. *Bradford,* 267 Ill. 486; *City of Chicago* vs. *Luthardt,* 191 Ill. 516.) In *People* vs. *Bradford,* supra, the court said: "While this rule has been most frequently announced and applied in suits between de jure and de facto officers over the salary to an office, it is nevertheless a basic principal of law and one of general application. It has been so applied not only in cases of protracted absence and non-performance of duties, (*Bryan* vs. *Cattell,* 15 Iowa 538), but in cases of actual suspension from office, (*Wardlaw* vs. *Mayor* of New York, 137 N. Y. 194; 33 N. E. Rep. 140; *City of Chicago* vs. *Luthardt,* supra)." The rule applies irrespective of the question by whom the services were, in fact, actually rendered, (*People* vs. *Bradford,* supra), and should be applied in cases involving the rights of Civil Service employees as well as in cases involving the rights of elected public officials.

From the record it appears that claimant was a duly qualified Civil Service employee of the State of Illinois, that he was illegally discharged and wrongfully prevented from performing the duties of his position, and that he was subsequently reinstated by the Civil Service Commission. He has been diligent in the protection of his own rights, and at all times for which he seeks payment of salary, he was ready, willing and able to perform the duties of his position, tendered performance thereof, and such tender was refused. Any question of the payment of claimant's salary for the period in question to some other person who may have performed the duties of his office is a matter of affirmative defense. (*People ex rel. Verdung* vs. *Dunham,* 294 Ill. App. 613.) There is no proof of any such payment.

An award is therefore entered in favor of the claimant in the sum of $768.00.